**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MARK M., <br><br> *Plaintiff,* <br><br> v. <br><br> FRANK BISIGNANO, Commissioner of Social Security, <br><br> *Defendant.* | Case No. 1:23-cv-15476 <br><br> Hon. Beth W. Jantz |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Mark M.'s[1] application for Disability Insurance Benefits ("DIB"). This case was assigned to the Hon. Beth W. Jantz in accordance with Local Rule 40.3(c). (Dkt. 11.) For the reasons stated below, Plaintiff's Motion to Compel Enforcement of Settlement Agreement (Dkt. 17) is GRANTED in part, and the Commissioner's Motion for Reversal with Remand (Dkt. 19) is GRANTED in part, as follows. The Commissioner's decision is reversed, and this matter is remanded for further proceedings consistent with this Memorandum Opinion and Order, which includes a recommendation that the case be reassigned to ALJ Lovert Bassett upon remand.

**BACKGROUND**

On October 25, 2017, Plaintiff filed a claim for DIB, alleging disability since July 2, 2016 due C3-C5 spondylosis and L5-S2 severe narrowing of the thecal sac (degenerative disc disease of the cervical and lumbar spine), obstructive sleep apnea, obesity, and osteoarthritis of the right

---

[1] Pursuant to Northern District of Illinois Internal Operating Procedure 22, the Court refers to Plaintiff by his first name and the first initial of his last name.

hip. (R. 2193, 2195.) Plaintiff's claim was denied initially and again upon reconsideration. (*Id.* at 2193.) On January 31, 2020, ALJ Lovert Bassett denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. (*Id.* at 2190-92.) The Social Security Administration Appeals Council ("Appeals Council") then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner. (*Id.* at 2220-22.) This Court remanded the case on December 27, 2022, finding that the ALJ reversibly erred in assessing Plaintiff's mental Residual Functional Capacity. (*Id.* at 2175.)

Upon remand, the case was reassigned to ALJ Bassett—the ALJ who initially denied Plaintiff's claim. (*Id.* at 2185-87, 2111-13.) Plaintiff requested another hearing before the ALJ, which was held on September 20, 2023. (*Id.* at 2143, 2256-57.) After taking testimony from Plaintiff and a vocational expert, the ALJ proceeded to gather information about Plaintiff's physical issues from Plaintiff's counsel. (*Id.* at 2161-65.) The ALJ then stated on the record "[s]o you're good with [an onset date of] like . . . August 1st of 2019?" to which counsel responded "[y]es, I think so. We'll amend to that date, Your Honor." (*Id.* at 2165.) Counsel then explained to Plaintiff, "[s]o after discussing this with the Judge, he has agreed to basically give a fully favorable decision if we amend the onset date to August of 2019, where you have the second MRI done because of the accommodations of your hip and your spine. Do you agree in amending that?" (*Id.* at 2165-66.) Plaintiff assented to this change, to which the ALJ concluded, "[s]o then your disability benefits will begin August 1st of 2019. It's like a five-month waiting period. It's Disability Insurance Benefits but then, you know, your earning record will be frozen after that time point . . . But yeah, so they'll [sic] be some back benefits for sure coming your way." (*Id.* at 2166.)  On October 10, 2023, the ALJ denied Plaintiff's claim again. (*Id.* at 2111-13.) The ALJ's decision makes no

2

mention of the August 1, 2019 amended onset date discussed during the hearing, instead only referencing the July 2, 2016 onset date Plaintiff originally alleged. (*Id.* at 15, 2114.)

Plaintiff now brings the instant suit, requesting either the enforcement of an alleged settlement agreement between the ALJ and Plaintiff by reversing with an order to award benefits, or, in the alternative, remanding the case to ALJ Bassett. (Dkt. 17 at 1.) The Commissioner agrees with Plaintiff that this case should be reversed and remanded, but only to the extent that the case should be remanded for further administrative proceedings before a different ALJ, in accordance with agency procedures. (Dkt. 19 at 1-2; Dkt. 20 at 1.)

**DISCUSSION**

### I. Standard of Review

The Court's scope of review is limited to deciding whether the final decision of the Commissioner of Social Security is based upon substantial evidence. *Warnell v. O'Malley*, 97 F.4th 1050, 1052 (7th Cir. 2024). Substantial evidence "'means—and means only—such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Id.* (quoting *Biestek v. Berryhill*, 587 U.S. 97, 102 (2019)). "In addition to relying on substantial evidence, the ALJ must also explain his analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Scrogham v. Colvin*, 765 F.3d 685, 695 (7th Cir. 2014). While reviewing the Commissioner's decision, the Court "'will not reweigh the evidence, resolve debatable evidentiary conflicts, determine credibility, or substitute [its] judgment for the ALJ's determination so long as substantial evidence supports it.'" *Warnell*, 97 F.4th at 1052–53 (quoting *Gedatus v. Saul*, 994 F.3d 893, 900 (7th Cir. 2021)). On the other hand, the Court cannot let the Commissioner's decision stand if it lacks sufficient evidentiary support, an adequate discussion of the issues, or is undermined by legal error. *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003); *see also* 42 U.S.C. § 405(g).

3

Courts may affirm, reverse, or modify the Commissioner's decision, which may include remanding with instructions to award benefits. *See* 42 U.S.C. § 405(g); *Kaminski v. Berryhill*, 894 F.3d 870, 872 (7th Cir. 2018). However, an award of benefits is only appropriate "if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion—that the applicant qualifies for disability benefits." *Anderson v. Berryhill*, 711 F. App'x 796, 798 (7th Cir. 2018) (quoting *Allord v. Astrue*, 631 F.3d 411, 415 (7th Cir. 2011)) (internal quotation marks omitted).

**II.      The ALJ's Opinion is Deficient and Should be Reversed and Remanded for Further Proceedings, which this Court Recommends Take Place Before ALJ Bassett.**

Plaintiff's principal challenge in this case is that a conversation during Plaintiff's September 20, 2023 hearing, between the ALJ and Plaintiff, functions as a settlement agreement, which is enforceable against the Commissioner under Illinois law. (Dkt. 18 at 3-6.) Therefore, Plaintiff contends, this Court should reverse the ALJ's decision with an order to award benefits. (Dkt. 18 at 6.)

The Commissioner's response is two-fold. First, the Commissioner argues that the Court lacks jurisdiction to decide Plaintiff's contract claim, as the exclusive jurisdictional basis for review of Social Security claims is 42 U.S.C. § 405. (Dkt. 20 at 3-5.) Thus, the Commissioner argues, because 42 U.S.C. § 405 is the exclusive jurisdictional basis and the Government has not otherwise consented to suit, the Commissioner is shielded by sovereign immunity. (*Id.*) Second, the Commissioner observes, *arguendo*, that even if Plaintiff's contract claim is construed as a request for remand with instructions to award benefits, the record does not support awarding benefits because factual issues remain unresolved. (*Id.* at 5-6.)

The Court declines to address the issues of whether this Court has jurisdiction to rule on Plaintiff's settlement enforcement argument, or whether the Government is shielded by sovereign

immunity. Nor will this Court decide to remand solely for the payment of benefits under 42 U.S.C. § 405(g). Indeed, reversal with instructions to award benefits requires meeting a high bar, which is not surpassed by the record before this Court. *See Timothy H. v. Kijakazi*, No. 20-cv-04359, 2023 U.S. Dist. LEXIS 62304, at *9 (N.D. Ill. Apr. 10, 2023) (declining to award benefits as the case did not meet the requisite "high standard"); *see also Martin v. Saul*, 950 F.3d 369, 377 (7th Cir. 2020) ("The vast majority of the time we will not award benefits and instead remand for further proceedings.").

Rather, this Court finds the ALJ's opinion to be inadequate, because, amongst other issues, the ALJ relies upon a July 2, 2016 onset date, (R. 2114), and discusses in detail the opinion of a medical expert who testified at an earlier hearing, (*id.* at 2128-29), yet both of these premises conflict with statements that the ALJ made during the September 20, 2023 hearing,[2] (*id.* at 2162-67). These inconsistencies establish that there are factual issues that remain unresolved,[3] such that the Court cannot say that "the resulting record supports only one conclusion—that the applicant

---

[2] During the September 20, 2023, hearing, ALJ Bassett suggested on the record an August 1, 2019 onset date (R. 2165), which does not appear anywhere in the ALJ's opinion; nor is it clear from the ALJ's opinion why certain evidence that appeared persuasive to the ALJ during the hearing did not hold the same weight in his decision. (*Id.* at 1430, 2162-65.) This is apparent where the ALJ expressed during the hearing, "it looks like the physical issue . . . could get [Plaintiff] to the disability status he's seeking. . . . The reference of this magnetic resonance imaging with the obliterated thecal sac in conjunction with his other problems." (*Id.* at 2162.) The ALJ then later stated, "[a]nd so page 1 of 30F, it says an MRI of the lumbar spine from August 2019 does as a result for an extremely severe epidural lipomatosis. It's like a disease. Lipo, I think is a fat build up. . . . Obliteration of thecal – yeah. So it looks like August of 2019 would be like an onset date of August 1st of 2019, would that work?" (*Id.* at 2164.)

[3] Plaintiff argues in his reply that this Court's order remanding ALJ Bassett's initial decision was to only have the ALJ "properly consider Plaintiff's deficits in mental function." (Dkt. 22 at 5-6.) However, while the Court ultimately found that ALJ Bassett's January 31, 2020 opinion should be reversed because the analysis on this issue was insufficient, the Court was clear that its silence on the remaining issues should not be construed as an indication that the ALJ's adjudication on those issues was appropriate. (R. 2181); *Mark M. v. Kijakazi*, No. 20 C 05063, 2022 U.S. Dist. LEXIS 231784, at *15-16 (N.D. Ill. Dec. 27, 2022). Just because the Court remanded on one issue did not constitute tacit acceptance, or rejection, of any other aspect of the judgment.

qualifies for disability benefits." *Anderson*, 711 F. App'x at 798. Thus, the record is insufficiently developed for the Court to reverse with an order to award benefits. This is essentially the Commissioner's second argument, which this Court finds meritorious.

Nevertheless, both parties agree that this case should be reversed and remanded. (Dkt. 18 at 6-7; Dkt. 20 at 1.) The only outstanding dispute for the Court to resolve, then, is whether the Court should remand this case back to ALJ Bassett specifically. (Dkt. 18 at 6-7; Dkt. 20 at 6-7.) Plaintiff argues that:

> "based upon [Plaintiff's counsel's] history of appearing before ALJ Bassett as well as the frequent indication in the post remand decision that ALJ Bassett erroneously based his second decision upon the original hearing transcript and evidence presented prior to the original decision, that the denial of benefits was largely an inadvertent error." (Dkt. 18 at 6.)

In effect, Plaintiff believes that ALJ Bassett, upon further review, would recognize the divergence between his ultimate opinion and his statements at the more recent hearing, and come to a different conclusion upon remand. The Commissioner argues, however, that agency policy is to direct the case to a different ALJ when a case has been remanded a second time, as this one would be. (Dkt. 20 at 6-7); *see* Hearings, Appeals, and Litigation Law Manual (HALLEX) I-3-7-40. The Commissioner further suggests that the Court "lack[s] any general power to order ALJ assignment (though they can recommend reassignment)." (Dkt. 20 at 7); *see Travis v. Sullivan*, 985 F.2d 919, 924-25 (7th Cir. 1993) (declining to order a new ALJ be assigned to the case on remand, yet urging the Secretary to give serious consideration to the district judge's recommendation of reassignment).

The Court notes that agency policy manuals are not binding authority on either the courts or the Appeals Council. *See Flint v. Colvin*, 543 F. App'x 598, 600 (7th Cir. 2013) ("[The SSA Program Operations Manual] is for the internal use of agency employees, has no legal force, and cannot bind the agency, let alone the district court."). The HALLEX Manual provides procedures

6

and guidance for Appeals Council adjudicators, and serves as a reference source for staff, but is not independent, binding law governing how cases **must** be assigned. *See Gebauer v. Saul*, 801 F. App'x 404, 408 n.1 (7th Cir. 2020) (recognizing that "[a]s best we can tell, [HALLEX's] provisions are not binding law independent of the governing statutes and regulations.").

Based on the foregoing, while this Court does not order the Appeals Council to remand this case to ALJ Bassett, this Court recommends that the case be assigned to ALJ Bassett upon remand. *See Sarchet v. Chater*, 78 F.3d 305, 309 (7th Cir. 1996). Remand to a specific ALJ is appropriate here as it is hard to identify any underlying policy considerations that would be contravened. For instance, there is no suggestion of bias here, and ALJ Bassett's intimate familiarity with the facts of this case *promotes*, rather than frustrates, administrative efficiency. Indeed, ALJ Bassett's October 10, 2023 opinion has the auspices of inadvertent error given the aforementioned discrepancies in the opinion, which might be readily fixed by ALJ Bassett upon review. It would seem most fair and expedient to provide ALJ Bassett the opportunity to possibly correct or explain the incongruities, rather than have a different ALJ rule on Plaintiff's case anew.

Accordingly, remand is agreed to by both parties and thus now ordered by this Court. To be clear, the Court in remanding makes no determination as to whether the evidence in the record entitles Plaintiff to benefits. The Court holds only that ALJ Bassett's opinion contains readily apparent discrepancies that the ALJ must address on remand. The Commissioner, therefore, should not construe the Court's silence on the substance of the ALJ's analysis as tacit acceptance of the ALJ's ultimate decision to deny benefits.

**CONCLUSION**

Plaintiff's Motion to Compel Enforcement of Settlement Agreement (Dkt. 17) is GRANTED in part, and the Commissioner's Motion for Reversal with Remand (Dkt. 19) is GRANTED in part, as explained above. The Commissioner's decision is reversed, and this matter

8

is remanded for further proceedings consistent with this Memorandum Opinion and Order, which includes a recommendation that the case be reassigned to ALJ Bassett upon remand.

SO ORDERED.


DATED: March 27, 2026

HON. BETH W. JANTZ
U.S. Magistrate Judge

8